## UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRADY KEITH**, | ) | |
| Individually and on behalf of a class, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT – CLASS ACTION** |
| **BACK YARD BURGERS** | ) | |
| **OF NEBRASKA, INC.** | ) | |
| and **DOES 1-10**, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

1.      Plaintiff, Brady Keith ("Plaintiff"), individually and on behalf of a class defined herein bring this action against Back Yard Burgers of Nebraska, Inc. ("BYB") to secure redress for a violation of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA").

2.      One provision of FACTA, codified at 15 U.S.C. §1681c(g), provides that:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3.      Section 1681c(g) is "not ambiguous." It "expressly prohibits printing more than the last five digits of the credit/debit card numbers and also prohibits printing the card's expiration date." *Pirian v. In-N-Out Burgers*, 06-1251, 2007 U.S. Dist. LEXIS 25384, *8 (C.D.Cal. Apr. 5, 2007); accord, *losello v. Leiblys, Inc.*, 502 F.Supp. 2d 782 (N.D.Ill. 2007); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 07 C 2934, 2007 U.S. Dist. LEXIS 77440 (N.D.Ill., Oct. 17, 2007); *Follman v. Village Squire, Inc.* 07 C 3767, 2007 U.S. Dist. LEXIS

92585 (N.D.Ill., Dec. 18, 2007); *Korman v. Walking Co.,* 503 F. Supp. 2d 755 (E.D. Pa. 2007); *Ramirez v. MGM Mirage, Inc.*, 2:07-CV-00326-PMP-PAL, 2007 U.S. Dist. LEXIS 95254 (D. Nev. Dec. 3, 2007).

4.      The purpose of this "truncation requirement" is to prevent identify theft.  The Federal Trade Commission estimates that over 9 million persons each year have their identify assumed by criminals for financial gain, causing losses in excess of $50 billion.

5.      One common modus operandi of identity thieves is to obtain credit card receipts that are lost or discarded, or through theft, and use the information on them to engage in transactions.  Identity thieves who do this are known as "carders" and "dumpster divers."  This modus operandi is more common than the use of sophisticated electronic means to obtain the information.  Robin Sidel, "Identity Theft – Unplugged Despite the High-Tech Threat, When You Get Ripped Off It's Usually Still the Old Way," Wall Street Journal, Oct. 5, 2006, p. B1.

6.      The expiration date generally is necessary for misuse of the card number.

7.      Merchants generally will not honor a credit card in a card-not-present transaction (telephone, internet or fax) without both the correct expiration date and the card number. Thieves prefer to engage in such transactions to commit credit card fraud, so as to reduce the chances of apprehension.

8.      To curb this means of identity theft, Congress prohibited merchants who accept credit cards and debit cards from issuing electronically-generated receipts that display either the expiration date or more than the last five digits of the card number.

9.      Congress gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

OP 474356.1

10.    BYB has willfully violated FACTA and failed to protect Plaintiff and others similarly situated against identity theft and credit card and debit card fraud by failing to comply with the truncation requirement.

11.    On June 3, 2008, Congress retroactively removed liability for willful expiration date violations through that date.  This amendment was widely publicized and sponsored by the Chamber of Commerce and other retailer organizations.

12.    Plaintiff brings this action against BYB based on BYB's violations of 15 U.S.C. §§ 1681 *et seq.* and seeks statutory damages, attorneys' fees, costs, and such other relief as the Court deems proper, including punitive damages.

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1681p ("FCRA").

14.    Venue is proper because BYB's principal place of business is located in this District.

## PARTIES

15.    Plaintiff is a resident of Nebraska.

16.    BYB is a Nebraska for profit corporation with its principal place of business in Lincoln, Nebraska.  Its registered agent is Michael M. Hupp, Suite 800, 1125 South 103rd Street, Omaha, Nebraska, 68124.

17.    BYB owns and operates a retail location at 8500 Andermatt Drive, Lincoln, Nebraska, 68506.

18.    BYB is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

OP 474356.1

**FACTS**

19.     FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006.

20.     15 U.S.C. §1681c(g)(1), provides that:

> …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

21.     With respect to point of sale machines that were first put into use after January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1).

22.     With respect to point of sale machines that were in use before January 1, 2005, 15 U.S.C. §1681c(g)(3)(B) required immediate compliance with the provisions of 15 U.S.C. §1681c(g)(1) on or after December 1, 2006.

23.     In May 2007, the Federal Trade Commission issued a business alert informing businesses that they, "must delete the [credit and debit] card's expiration date."  FTC Business Alert, Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information in Receipts.

24.     On June 3, 2008, President George W. Bush signed The Credit and Debit Card Receipt Clarification Act (Clarification Act), which amended the Fair and Accurate Credit Transactions Act (FACTA).  The Clarification Act provides that "any person who printed an expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction between December 4, 2004, and the date of the enactment of this subsection but otherwise

OP 474356.1

complied with the requirements of section 605(g) for such receipt shall not be in willful noncompliance with section 605(g) by reason of printing such expiration date on the receipt."

25.   Visa has explicitly instructed merchants, like BYB, that the debit or credit card expiration date must be truncated.

26.   MasterCard has explicitly instructed merchants, like BYB, that it must omit the card expiration date.

27.   American Express has notified merchants, like BYB, that under FACTA its customer receipts must not print the expiration date.

28.   Visa, MasterCard, and American Express by contract require BYB to be FACTA compliant.

29.   BYB accepts Visa, MasterCard credit and debit cards and American Express credit cards in the course of transacting business with persons who make purchases at BYB's location in Lincoln, Nebraska.

30.   In transacting its business, BYB uses one or more cash registers and/or other machines or devices that electronically print receipts for credit card and debit card transactions.

31.   Plaintiff has a bank issued Visa card as defined under 15 U.S.C. §1681a.

32.   Since March 19, 2011, on more than one occasion, Plaintiff's Visa card was used to make a purchase at BYB's location located at 8500 Andermatt Drive, Lincoln, Nebraska, 68506.

33.   Each time since March 19, 2011, when Plaintiffs' Visa card was used to make a purchase at BYB, 8500 Andermatt Drive, Lincoln, Nebraska, 68506, he was given a computer-generated cash register receipt displaying the expiration date of his Visa card along with the last four digits of his debit card account.

34.     Each receipt provided Plaintiff was labeled "customer copy."

35.     Truncation standards, including the standards reflected in the Visa Merchant Rules and in FACTA, permit the publication of the last four or five digits of customer account numbers on the receipt presented to customers at the point of sale. The publication of this minimal amount of account information is necessary to facilitate merchant account reconciliation, processing of returns, etc.  In isolation, the publication of **only** the last four or five digits of a customer account number significantly limits the extent to which a potential identity thief can effectively use customer receipts disseminated at the point of sale to facilitate identity theft.

36.     The publication of expiration dates on customer receipts disseminated at the point of sale, **in addition to** the last four or five digits of the customer account number, exponentially increases the possibility of identity theft, which is the obvious reason that the credit card companies and Congress require the truncation of expiration dates.  The expiration dates are used to confirm that a person making a purchase over the phone or on the internet actually has the card in their possession.

37.     Banks and credit card associations (i.e. Visa, MasterCard, American Express, etc.) are keenly aware of the importance of truncating expiration dates.

38.     In addition, a would be identity thief who steals a receipt containing the last four or five digits of a credit card account number and an expiration date can use that data in an attempt to dupe the cardholder, or other potential information sources, into disclosing additional confidential financial information relating to the cardholder.  The more information that is disclosed on the receipt, the easier it is to pilfer additional confidential financial information.

OP 474356.1

39.     The costs of truncating credit and/or expiration dates and account number is minimal.

40.     Most of BYB's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement.  BYB could readily have done the same.

41.     BYB willfully disregarded FACTA's requirements and continued to use cash registers or other machines or devices that print receipts in violation of FACTA after June 3, 2008.

## VIOLATION ALLEGED

42.     BYB violated 15 U.S.C. §1681c(g)(1), which provides that:

> …no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number **or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction**.

15 U.S.C. §1681c(g)(1) (emphasis added).

43.     The FCRA, 15 U.S.C. §1681n, provides:

> §1681n.   Civil   Liability   for   willful   noncompliance (a) In general.  Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of - (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; ***

> (2) such amount of punitive damages as the court may allow; and

> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court…

OP 474356.1

44.     BYB either knew of and ignored its legal duty to truncate the expiration date from debit card and credit card purchases that it accepted from Plaintiff and the class members at the point of sale or alternatively, BYB failed to inquire at all about its duty to truncate as required by the statute.

45.     The FCRA, 15 U.S.C. §1681p, provides:

§1681p. Jurisdiction of courts; limitation of actions

An action to enforce any liability created under this title [15 U.S.C. §1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1) 2 years after the date of discovery by plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

## CLASS ALLEGATIONS OF THE VIOLATION ALLEGED

46.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

47.     The class is defined as all persons who used either a Visa or MasterCard debit or credit card, or American Express credit card at BYB's business located at 8500 Andermatt Drive, Lincoln, Nebraska, 68506, where BYB provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date of the filing of this lawsuit.

48.     The class is so numerous that joinder of all individual members in one action would be impracticable.

49.     There are well over 100 persons who used either a Visa or MasterCard debit or credit card, or American Express credit card at BYB's business located at 8500 Andermatt Drive,

OP 474356.1

Lincoln, Nebraska, 68506, where BYB provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date of the filing of this lawsuit.

50.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same legal theories and arise from the same unlawful and willful conduct.

51.     There are common questions of fact and law affecting members of the class, which common questions predominate over questions which may affect individual members. These include the following:

    a.   Whether BYB had a practice of providing customers with a sales or transaction receipt which failed to comply with the truncation requirement;

    b.   Whether BYB thereby violated FACTA; and

    c.   Whether BYB's conduct was willful.

52.     Plaintiff will fairly and adequately represent the class members.

53.     Plaintiff has no interests that conflict with the interests of the class members.

54.     Plaintiff has retained experienced counsel in consumer class action matters.

55.     A class action is superior to other available means for the fair and efficient adjudication of the claims of the class members. Individual actions are not economically feasible.

WHEREFORE, Plaintiff requests this Honorable Court to: 1) certify the class as described herein; and 2) enter judgment in favor of Plaintiff and the class members and against BYB for:

    a.   Statutory damages of no less than $100 nor more than $1,000 per violation;

    b.   Attorney's fees and costs; and

OP 474356.1

c.   For such other and further relief as the Court may deem proper including

punitive damages.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Omaha, Nebraska, as the place of trial.

RESPECTFULLY SUBMITTED,

s/ Joshua C. Dickinson
Brian J. Christensen, MO Bar No. 53497
Joshua C. Dickinson, NE Bar No. 23700
Shawn M. Ford (admission pending)
Spencer Fane Britt & Browne LLP
9401 Indian Creek Pkwy, Suite 700
Overland Park, Kansas 66210
(913) 345-8100
(913) 345-0736 (facsimile)
bchristensen@spencerfane.com
jdickinson@spencerfane.com
sford@spencerfane.com

*Attorneys for Plaintiff*

OP 474356.1