**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| BRADY KEITH,<br>Individually and on behalf of a class,<br><br>        Plaintiff,<br><br>v.<br><br>BACK YARD BURGERS OF<br>NEBRASKA, INC.; BACKYARD<br>BURGERS, INC., and DOES 1-10,<br><br>        Defendants. | Case No. 8:11-CV-00135<br><br><br>**PLAINTIFF'S SUGGESTIONS IN<br>OPPOSITION TO DEFENDANT<br>BACK YARD BURGERS, INC.'S<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS** |

Plaintiff Brady Keith ("Plaintiff"), by and through his attorneys, submits the following Suggestions in Opposition to Defendant Back Yard Burgers, Inc.'s Motion for Judgment on the Pleadings:

Plaintiff has stated a claim against BYB Corporate under a vicarious liability theory. BYB Corporate's motion flatly ignores this issue. Instead, BYB Corporate relies entirely on a single case that does not apply to the facts of this case.

The case cited by BYB Corporate merely held that FACTA liability did not extend to receipts provided to customers via the internet. *See Shlahtichman v. 1-800 CONTACTS, Inc.*, 615 F.3d 794, 802 (7th Cir. 2010). The holding in *Schlahtichman* is irrelevant to the issue of whether BYB Corporate, a franchisor, can be held vicariously liable for the unlawful acts of its agent Back Yard Burgers of Nebraska, Inc. ("BYB Nebraska"). In contrast to BYB Corporate's thinly supported argument, ample case law, which BYB Corporate ignores, holds that it can.

For example, this precise issue was addressed by the Western District of Pennsylvania in *Patterson v. Denny's Corp.*, No. 07-1161, 2008 WL 250552 (W.D. Pa. 2008). In *Patterson*, the plaintiff filed a complaint on behalf of a class alleging that Denny's Corporation, DFO, LLC, and WBF Enterprises, Inc., willfully violated FACTA when the plaintiff was presented with an

electronically printed receipt at a Denny's Restaurant in Hermitage, Pennsylvania that contained the expiration date of his Visa card. *Id.* at *1. The plaintiff alleged that WBF was an entity that accepts credit or debit cards for the transaction of business and was a franchisee of Denny's Corporation. The plaintiff further alleged in its complaint that Denny's Corporation, the franchisor, and DFO, a wholly-owned subsidiary of Denny's Corporation, "exercised actual control over the operation of WBF in all material respects." *Id.*

Denny's Corporation and DFO filed a motion to dismiss for failure to state a claim against them. They argued that, as pled, neither Denny's nor DFO printed a receipt and provided it to the plaintiff. Rather, it was WBF that allegedly provided the receipt to the plaintiff. Denny's Corporation and DFO argued that FACTA only applies to the entity that prints and provides the customer receipt, not to entities who exercise control over that entity's operations. *Id.*

The *Patterson* court rejected the franchisor's argument. The court stated that "in case law interpreting vicarious liability under both federal statutes and state common law in the franchise context, the decisive issue is whether a franchisor exercises control over the franchisee's business operations." *Id.* at *2 (citing *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781, 785-786 (3d Cir. 1978) ("Whether the control retained by the franchisor is . . . sufficient to establish a master-servant relationship depends in each case upon the nature and extent of such control as defined in the franchise agreement or by the actual practice of the parties."). The court also noted that while the Fair Credit Reporting Act ("FCRA")[1] "provides no statutory basis for vicarious liability, courts have held that corporations can be vicariously liable for FCRA violations committed by their agents under common law agency principles, such

---

[1] FACTA was an amendment to FCRA.

OP 623713.2

as on a theory of apparent authority." *Id.* (citing *Jones v. Federated Financial Reserve Corp.*, 144 F.3d 961, 964-966 (6th Cir. 1998); *Yohay v. City of Alexandria Employees Credit Union, Inc.*, 827 F.2d 967, 972-973 (4th Cir. 1987); *Edwards v. Toys "R" Us*, 2007 WL 4305928, *8-*10 (C.D. Cal. 2007) (holding that principal can be vicariously liable for agent's FACTA violation)). *See also Del Amora v. Metro Ford Sales and Service, Inc.*, 206 F.Supp.2d 947, 951 (N.D. Ill. 2002) ("We agree with the *Jones* court that imposing vicarious liability under the FCRA is consistent with Congress's intent to protect consumers . . . "). *See also Sandrock v. Taylor*, 174 N.W.2d 186, 191 (Neb. 1970) (test for determining vicarious liability is principal's control or right to control agent's conduct); *Plummer v. National Leasing Corp.*, 114 N.W.2d 21, 25 (Neb. 1962) (agent's apparent authority can result in principal's vicarious liability for agent's acts).

The court stated that plaintiff's allegation that Denny's Corporation and DFO exercised actual control over the franchise operation of WBF in all material respects was sufficient to state a viable claim against Denny's Corporation and DFO under a vicarious liability theory, and denied the motion to dismiss.

### Plaintiff's allegations showing BYB Corporate is vicariously liable

In this case, Plaintiff's well-pleaded allegations are actually more than sufficient to state a claim against BYB Corporate under a vicarious liability theory. The relevant facts include the following:

- BYBI exercises significant actual control over the business activities of BYBN, particularly with respect to those involving point of sale processes, policies and procedures. Amended Complaint, ¶ 44.

- BYBI is directly involved in and controls the day-to-day operation of BYBN's operations is evidenced in the Franchise Disclosure Agreement

("FDA") published and disseminated by BYBI most recently on April 30, 2010.  Amended Complaint, ¶ 45.

- Among other things, the FDA prescribes a "System" under which BYBI's restaurants must operate.  Amended Complaint, ¶ 46.

- The FDA provides that the System includes:

    > Distinctive building designs, interior and exterior layouts, trade dress, equipment layout standards and specifications, development and maintenance of sources of supply, standardized menus, operating procedures for sanitation and maintenance, food and beverage storage procedures, food preparation procedures, service procedures, secret food preparation recipes and mixes, standards and specifications of equipment, equipment layouts, products, operating procedures, training and management programs and other prescribed standards of operation and requirements as we may designate.  We will provide new information and techniques to you by means of the Manuals, or by other means as we deem appropriate.

    Amended Complaint, ¶ 47.

- The FDA also provides that BYBN "must purchase only the products that meet our specifications and standards" and BYBI "reserve[s] the right to designate a single distributor or supplier for any product, service equipment, supply or material. . . . All approved products and ingredients must conform to specifications as we may designate."  Finally, the FDA provides that BYBN "may not install or allow installation of improvements, furnishings, signs or equipment for which we did not give our prior written approval, and any non-conforming item or items installed without our permission must be removed upon our demand."  Amended Complaint, ¶ 48.

- With regard to Point of Sale systems, the FDA provides:

    We require that you use a point of sale system (the "POS System") which meets our specifications and which may include telecommunication devices…. All franchisees will be required to upgrade or update all POS Systems during the term of the franchise at our request…. All new franchise Restaurants will be required to purchase software and hardware maintenance programs that supply updating, upgrading and support functions from Aloha/Radiant…. We will have no contractual limitations on our right to access and report the information maintained or generated in any electronic cash register or computer system used at or for the Restaurant business.  Amended Complaint, ¶ 49.

- BYBN was subject to the control of BYBI is further evidenced by the terms of the franchise agreement appended to the FDA to which, upon information and belief, BYBN and BYBI were parties. Amended Complaint, ¶ 50.

- For example, the franchise agreement provides that BYBI will conduct periodic inspections and audits of BYBN which will include evaluations, inspections, mystery shopping and customer surveys of BYBN's products and services. Amended Complaint, ¶ 51.

- In a section titled "Control of System" the franchise agreement provides further that BYBI "will control and establish requirements for all aspects of the System." Amended Complaint, ¶ 52.

- Finally, the franchise agreement provides that BYBI has the right to specify for use only those point of sale systems or cash register systems that are acceptable to it. Amended Complaint, ¶ 53.

The above allegations sufficiently state that BYB Corporate exerted ample control over the operations of its franchisee to make it vicariously liable for BYB Nebraska's actions of printing receipts that violated the truncation requirements of FACTA and providing them to Plaintiff and the other members of the proposed class.

In addition to these facts setting forth BYB Corporate's actual control, Plaintiff alleged the following facts showing BYB Nebraska's apparent authority to act for BYB Corporate:

- BYBI held out BYBN as its agent to act on its behalf at least insofar as the point of sale transaction was concerned. Amended Complaint, ¶ 55.

- This is evidenced by among other things, the fact that BYBN's signage, cash register receipts, menus and other advertising media all bore the Back Yard Burgers mark. Amended Complaint, ¶ 56.

- In addition, if a customer or prospective customer were to search for information about "Back Yard Burgers" on the internet, the prospective customer would be directed to a web page maintained by BYBI or one of its subsidiaries at www.backyardburgers.com. Amended Complaint, ¶ 57.

- If that same customer were to conduct a search on the Back Yard Burgers site for BYBN in Lincoln, Nebraska, the customer would be directed to a

  map of BYBN in Lincoln. At least that part of the website contains no indication that BYBN is anything but part of BYBI. Amended Complaint, ¶ 58.

- Next to BYBN's Lincoln address is a "contact us" link. By clicking on this link, a visitor to the site can send an e-mail with a question or concern. The link does not lead to BYBN but to BYBI. Clicking on the "contact us" link on the BYBN page transfers the visitor to a page containing the following information:

   > **Back Yard Burgers Corporate Office**
   > 500 Church Street, Suite 200
   > Nashville, TN USA 37219
   > P (615) 620-2300 | F (615) 620-2301

   Amended Complaint, ¶ 59.

- BYBI clothed BYBN with the authority to act on its behalf at least with respect to matters relevant to financial transactions with its customers. Amended Complaint, ¶ 60.

- BYBI knew that BYBN was using its mark and otherwise acting on its behalf in dealing with its customers. BYBI held BYBN out to the public as its agent. Amended Complaint, ¶ 61.

- At least for the purposes of operating the computer or point of sale systems that resulted in printing the unlawful receipts at issue, BYBN was at all times acting as BYBI's agent for purposes of liability under FACTA. Amended Complaint, ¶ 62.

Plaintiff has properly stated a claim against BYB Corporate on a vicarious liability theory and has pled facts that are more than sufficient to sustain its pleading burden on this theory of liability. Therefore, it is immaterial whether BYB Corporate itself printed any non-compliant receipts or physically handed a receipt to Plaintiff or any other proposed class member. Additionally, it is immaterial whether the FCRA statute or the FACTA amendment explicitly provides for a principal's vicarious liability. It is well-settled that common law principles such as agency and vicarious liability are applied to federal statutes when common law principles advance the goals of the federal statute. *See, e.g., Petro–Tech, Inc. v. Western Co. of No. Am.*,

824 F.2d 1349, 1356 (3d Cir. 1987); *Jones*, 144 F.3d at 964-966; *Del Amora*, 206 F.Supp.2d at 951; *Yohay*, 827 F.2d at 972-73; *Edwards*, 2007 WL 4305928, *8-*10; *Meyer v. Holley*, 537 U.S. 280 (2003) (vicarious liability applicable under Fair Housing Act); .*American Soc'y of Mechanical Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 566–67 (1982) (finding apparent authority rule consistent with the statutory goal of deterring antitrust violations); *In re Atlantic Fin. Mgmt., Inc.*, 784 F.2d 29, 31 (1st Cir. 1986) (finding vicarious liability consistent with goal of preventing unauthorized misrepresentations under securities statute); *Mullahon v. Union Pacific R.R.*, 64 F.3d 1358, 1362 (9th Cir. 1995) (vicarious liability applicable under Federal Employees Liability Act); *Myers v. Bennett Law Offices*, 238 F.Supp.2d 1196, 1202 (D. Nev. 2002) (finding that application of vicarious liability theory is consistent with FCRA's statutory purpose).

WHEREFORE, for the foregoing reasons Plaintiff Brady Keith respectfully requests that this Court enter an order denying Back Yard Burgers, Inc.'s Motion for Judgment on the Pleadings, and for any other relief the Court deems fair and just.

OP 623713.2

DATED this 4th day of April, 2012.

                          BRADY KEITH, Plaintiff

By: s/ Brian J. Christensen
    Joshua C. Dickinson, Bar No. 23700
    Spencer Fane Britt & Browne LLP
    9420 Underwood Avenue, Suite 200
    Omaha, NE 68114
    402.965.8600
    402.965.8601 (facsimile)
    jdickinson@spencerfane.com

    Brian J. Christensen, MO Bar No. 53497
    Bryant T. Lamer, MO Bar No. 57355
    Lindsay Todd Perkins, MO Bar No. 60004
    9401 Indian Creek Parkway, Suite 700
    Overland Park, KS 66210
    913.345.8100
    913.345.0736 (facsimile)
    bchristensen@spencerfane.com
    blamer@spencerfane.com
    lperkins@spencerfane.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the District of Nebraska this 4th day of April, 2012, with notice of case activity generated and sent to all counsel of record.

                          s/ Brian J. Christensen
                          *Attorney for Plaintiff*

OP 623713.2