IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRADY KEITH, individually and on behalf of a class, | ) ) ) | CASE NO. 8:11CV135 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| BACK YARD BURGERS OF NEBRASKA, INC., BACKYARD BURGERS, INC., and DOES 1-10, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion for Judgment on the Pleadings (Filing No. 65) filed by the Defendant, Backyard Burgers, Inc. ("BYBI"). BYBI seeks judgment in its favor, arguing there is no set of facts under which the Plaintiff, Brady Keith, can recover from BYBI under the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"). For the reasons discussed below, the Motion will be denied.

## FACTUAL BACKGROUND

The following facts are taken from the Amended Complaint (Filing No. 15) and are construed in the light most favorable to Keith. In his Amended Complaint filed individually and on behalf of a class,[1] Keith alleged that Backyard Burgers of Nebraska, Inc. ("BYBN"), a franchisee corporation operating a retail location in Lincoln, Nebraska, and BYBI, the Tennessee franchisor corporation, willfully violated FACTA[2] on more than one occasion when Keith did business at the Lincoln, Nebraska, location and was given computer-

---

[1] A motion for class certification under Federal Rule of Civil Procedure 23 has not been filed.

[2] In pertinent part, FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print . . . the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." 15 U.S.C. § 1681c(g)(1).

generated cash register receipts displaying the expiration date of his Visa debit card. Keith alleges that BYBI exercised significant actual control over BYBN's business activities, including those involving point of sale policies and procedures, or alternatively BYBN had apparent authority to act on BYBI's behalf. Keith also alleges that under the Franchise Disclosure Agreement ("FDA")[3] BYBI was directly involved in and controlled the daily operation of BYBN. Finally, Keith contends that BYBN acted as BYBI's agent with respect to the transactions.

In its Answer (Filing No. 63), BYBI denies violating FACTA and raises several affirmative defenses. In pertinent part, BYBI denies that (1) it was a "person that accept[ed] credit cards or debit cards for the transaction of business" at the Lincoln, Nebraska, location, (2) it had control over BYBN, (3) it accepted Keith's debit card or issued him a receipt, and (4) as a franchisor BYBI was vicariously liable for BYBN's acts as a franchisee. BYBI also brought a crossclaim against BYBN.

## STANDARD OF REVIEW

"'Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)). This is "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim

---

[3]The FDA was not submitted to the Court.

to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

BYBI moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that even construing the facts in the light most favorable to Keith, § 1681c(g)(1) does not apply to BYBI because as a franchisor located in Tennessee it did not print the receipts in question at the point of sale of transactions in Lincoln, Nebraska.

The issue of whether a franchisor exercises control over a franchisee with respect to § 1681c(g)(1) has been addressed in only one case, *Patterson v. Denny's Corp.,* No. 07-1161, 2008 WL 250552 (W.D. Pa. Jan. 30, 2008).  Patterson alleged that defendants violated FACTA when he was given a receipt at a restaurant that included the expiration date of his Visa card.  The issue was whether the defendants were liable as "person[s]" under FACTA.  The Pennsylvania court noted that FACTA became part of the statutory scheme of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.,* and that corporations may be held "vicariously liable for FCRA violations committed by their agents under common law agency principles."  *Id.* at *2 n.7.  The *Patterson* court considered evidence from a report submitted by the Denny Corporation to the Securities and Exchange Commission that discussed its franchising operation.  That evidence, together with the plaintiff's statement in the amended complaint that defendants exercised actual control over the franchise operation in all material respects, led the court to conclude that the amended complaint did not fail to state a viable FACTA claim.  *Id.*

BYBI argues that *Patterson* is inapplicable and that the *Patterson* court decided whether the defendants were "person[s]" under FACTA, while this Court is confronted with

a different issue–whether the receipt was "print[ed] . . . at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1).  BYBI relies on *Shlahtichman v. 1-800 CONTACTS, INC.,* 615 F.3d 794, 802 (7th Cir. 2010), *cert. denied,* 131 S. Ct. 1007 (2011), in which the Seventh Circuit Court of Appeals concluded that the term "printed" in § 1681c(g)(1) does not contemplate an electronic receipt viewed or printed by a consumer.  *Id.* at 802-03.

In deciding *Shlahtichman*, the Seventh Circuit was not required to address the issue of vicarious liability.  Although unreported, the *Patterson* case is the only instructive case with respect to the precise issue confronted in this case.  BYBI refutes Keith's allegations in the Amended Complaint that (1) BYBI exercised actual control over the business operations of BYBN, "particularly with respect to those involving point of sale processes, policies and procedures" and (2) "BYBI is directly involved in and controls the day-to-day operations of BYBN."  However, for purposes of the Motion for Judgment on the Pleadings, those allegations must be taken as true and in a light most favorable to Keith.  Therefore, the Court cannot conclude that the Amended Complaint fails to state a claim.

Accordingly,

IT IS ORDERED that the Motion for Judgment on the Pleadings (Filing No. 65) filed by the Defendant, Backyard Burgers, Inc., is denied.

DATED this 13th day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge