# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **BRADY KEITH, Individually and on behalf of a class,** | ) ) ) | |
| **Plaintiff,** | ) ) | **8:11CV135** |
| **V.** | ) ) | |
| **BACK YARD BURGERS OF NEBRASKA, INC., DOES 1-10, and BACKYARD BURGERS, INC.,** | ) ) ) ) | **FINDINGS AND RECOMMENDATION** |
| **Defendants.** | ) ) | |

This matter is before the Court on Plaintiff's Unopposed Motion for Conditional Class Certification, Appointment of Class Representative, Appointment of Class Counsel, Preliminary Approval of Class Settlement and Notice to Class and Setting of Final Approval Hearing. (Filing 112.)  For the reasons explained below, the motion should be granted.

## BACKGROUND

Plaintiff's First Amended Class Action Complaint (filing 15) alleges that Defendant Back Yard Burgers of Nebraska, Inc. willfully violated Section 1681c(g)[1] of the Fair and Accurate Credit Transactions Act ("FACTA") by failing to properly truncate credit card and debit card expiration dates on electronically printed receipts provided to its customers.

Plaintiff originally filed suit against both Defendant Back Yard Burgers of Nebraska, Inc. and Back Yard Burgers, Inc.  However, on October 17, 2012, Back Yard Burgers, Inc. filed for bankruptcy and this case was stayed pending the bankruptcy proceedings.  The

---

[1]  This provision provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g).

United States Bankruptcy Court for the District of Nebraska subsequently dismissed Back Yard Burgers, Inc.  On October 16, 2013, this Court ordered that the case proceed against Defendant Back Yard Burgers of Nebraska, Inc.

Before the bankruptcy proceedings, the parties mediated this matter on several occasions, but were unable to reach a settlement.  However, following the dismissal of Back Yard Burgers, Inc., the remaining parties mediated the dispute and were able to reach a settlement.  Plaintiff now seeks an order (1) conditionally certifying the settlement class; (2) appointing Plaintiff as class representative and Plaintiff's counsel as class counsel; (3) preliminarily approving the proposed settlement; (4) approving notice to the class; and (5) setting a final approval hearing.

## DISCUSSION

Under the Federal Rules of Civil Procedure, one or more members of a class may sue or be sued as representative parties on behalf of all members if (1) the class is so numerous that joinder of all members is impracticable ("numerosity"); (2) there are questions of law or fact common to the class ("commonality"); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"); and (4) the representative parties will fairly and adequately protect the interests of the class ("adequacy of representation").  Fed. R. Civ. P. 23.

In assessing whether the numerosity component is satisfied, a number of factors are relevant, including the number of persons in the proposed class, the nature of the action, the size of the individual claims, and the inconvenience of trying individual suits.  *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982).  "The commonality requirement is satisfied if the claims of the class depend upon a common contention whose truth or falsity will resolve an issue that is central to the validity of each class member's claims." *Henggeler v. Brumbaugh & Quandahl P.C., LLO*, No. 8:11CV334, 2013 WL 5881422, *2 (D. Neb. Oct. 25, 2013) (internal quotations omitted).  The typicality requirement is met if there are "other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quotation omitted).  The adequacy of representation element concerns "whether the class representatives have

2

common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit." *Henggeler*, 2013 WL 5881422 at *3.

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Fed. R. Civ. P. 23(b). Plaintiff seeks certification pursuant to Rule 23(b)(3) which provides that a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23. The matters pertinent to Rule 23(b)(3) include (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. *Id*.

The undersigned finds, preliminarily and for purposes of this settlement only, that the requirements of Rule 23 have been met and the class should be certified. The proposed class consists of "All persons in the United States who used a Visa or MasterCard, or Discover debit or credit card or American Express credit card at any of Defendant's currently owned retail locations where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning November 3, 2010 through April 15, 2011." (Filing 113.)

In this case, numerosity of the class is established. Between November 3, 2010 and April 15, 2011, Defendant averaged approximately 3,102 debit/credit card transactions per month. Given the number of transactions and customers likely impacted, it would be inconvenient and wasteful to try each case separately. Commonality is also satisfied because the main legal and factual issues surrounding Defendant's alleged course of conduct in printing receipts with expiration dates on them is common for all class members. Typicality is present because class members would have similar grievances as the named Plaintiff and class members' claims would likely be based on the same legal theory advanced by Plaintiff. Finally, the adequacy of representation requirement has been met because there is no conflict of interest between Plaintiff and the class members. Plaintiff's common interests with the

3

members of the class ensure that the class will be fairly and adequately protected.

The Rule 23(b)(3) requirements are likewise satisfied. Certifying the class for settlement purposes will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotation marks and citations omitted). A class action is superior to other methods of fairly adjudicating the controversy.

Further, the proposed form and manner of notice satisfies Fed. R. Civ. P. 23 and provides "the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B).

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Judge Laurie Smith Camp as follows:

1.    Plaintiff's Unopposed Motion for Conditional Class Certification, Appointment of Class Representative, Appointment of Class Counsel, Preliminary Approval of Class Settlement and Notice to Class and Setting of Final Approval Hearing (filing 112) be granted;

2.    The proposed order, submitted on behalf of the parties (filing 114-2, Ex. B at CM/ECF pp. 21-32), be adopted and, pursuant to Fed. R. Civ. P. 23(g), Joshua Dickinson and Bryant Lamer be appointed as settlement class counsel; and

3.    The Court schedule a final hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

4

DATED August 13, 2014.

BY THE COURT:

S/ F.A. Gossett
United States Magistrate Judge