IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRADY KEITH,<br>Individually and on behalf of a class,<br><br>Plaintiff,<br><br>v.<br><br>BACK YARD BURGERS OF NEBRASKA, INC.; BACKYARD BURGERS, INC., and DOES 1-10,<br><br>Defendants. | Case No. 8:11-CV-00135<br><br><br><br>AMENDED ORDER |

**AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATION AND GRANTING UNOPPOSED MOTION FOR (1) CONDITIONAL CLASS CERTIFICATION; (2) APPOINTMENT OF CLASS REPRESENTATIVE; (3) APPOINTMENT OF CLASS COUNSEL; (4) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS; AND (5) SETTING OF FINAL APPROVAL HEARING**

WHEREAS, Plaintiff Brady Keith, on behalf of the Class, as defined below ("Plaintiff"), have entered into a settlement (the "Settlement") of the claims asserted in the above-captioned class action (the "Action") with Defendant Back Yard Burgers of Nebraska, Inc., including its affiliates ("Defendant");

WHEREAS, the "Class," as defined in Section 2.1, of the Agreement of Settlement between Plaintiff and Defendant (the "Settlement Agreement"), consists of all persons who used a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at any of Defendant's restaurant where Defendant provided an electronically printed receipt at the point of sale or transaction that violated FACTA's truncation requirements of that person's credit or debit card for a time period beginning November 3, 2010, until the date of the filing of the Action, April 15, 2011; and

1

WHEREAS, the Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order appointing class counsel and class representatives, and certifying for purposes of settlement a class of all persons who used a Visa, MasterCard, or Discover debit or credit card, and/or American Express credit card at Defendant's restaurant where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card and/or more than five digits of that person's credit or debit card number during the period beginning November 3, 2010, to the date the Class is certified; and

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement of this Action in accordance with the Settlement Agreement; and

WHEREAS, the Court, having read and considered the Settlement Agreement and the papers filed in support of Plaintiff's Unopposed Motion for (1) Conditional Class Certification; (2) Appointment of Class Representative; (3) Appointment of Class Counsel; (4) Preliminary Approval of Class Action Settlement and Notice to Class; and (5) Setting of Final Approval Hearing and finding that substantial and sufficient grounds exist for entering this Order;

IT IS ORDERED:

1. The Joint Motion to Amend Order (Filing No. 117) is granted;[1]

---

[1] The parties jointly requested that the Court change the requirement of publication of the notice from publication in *The Daily Reporter* to publication in *The Lincoln Journal Star*, as stated in Section 11(b) below.

2.      The Findings and Recommendation (Filing No. 115) are adopted in their entirety.

3.      The Unopposed Motion for Conditional Class Certification, Appointment of Class Representative, Appointment of Class Counsel, Preliminary Approval of Class Settlement And Notice to Class And Setting Of Final Approval Hearing (Filing No. 112), is granted, as follows:

## DEFINITIONS

4.      The Court, for purposes of this Order, adopts all definitions of terms set forth in the Settlement Agreement.

5.      The Unopposed Motion for Conditional Class Certification, Appointment of Class Representative, Appointment of Class Counsel, Preliminary Approval of Class Settlement and Notice to Class and Setting of Final Approval Hearing (Filing No. 112), is granted.

## APPOINTMENT OF CLASS REPRESENTATIVES

6.      The Court finds that Plaintiff Brady Keith will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure and therefore appoints Plaintiff as Class Representative.

## APPOINTMENT OF CLASS COUNSEL

7.      The Court finds that proposed class counsel are qualified to represent the Class and therefore appoints as Class Counsel Joshua C. Dickinson and Bryant T. Lamer of the law firm of Spencer Fane Britt & Browne LLP, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**CERTIFICATION FOR SETTLEMENT PURPOSES ONLY**

8. The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Action, should the proposed Settlement Agreement not ultimately be approved, the proposed Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and therefore certifies the Class for settlement purposes only.

**PRELIMINARY APPROVAL AND SETTLEMENT HEARING**

9. The Court finds that for purposes of preliminary approval, the terms of the Settlement Agreement are within the range of reasonableness for a class settlement. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of Fed. R. Civ. P. 23(e) (the "Final Approval Hearing"), which shall be held before this Court on Thursday, February 19, 2014, at 1:00 p.m. in Courtroom 2 of the Hruska United States Courthouse, 111 S 18th Plaza, Omaha, NE 68102.

10. During the Final Approval Hearing, the Court will: (i) determine whether the proposed Settlement is fair, reasonable and adequate; (ii) determine whether any objections to the Settlement should be overruled; (iii) determine whether a Final Order approving the Settlement and dismissing any of the actions should be entered; and (iv) consider the request by Class Counsel for payment of a reasonable Fee and Expense Award to include attorneys' fees, costs and expenses, and a class representative incentive fee.

## NOTICE TO CLASS MEMBERS

11. Class Counsel and counsel for Defendant shall cause notice of the pendency of the Action, the proposed Settlement, the Final Approval Hearing, and the request by Class Counsel for payment of a reasonable Fee and Expense Award, as follows:

(a) **Settlement Payment**. The Settlement Payment shall be as follows:

BYBN will enter into a Consent Judgment against it and in favor of the Class in the amount of $2,792,400 ("the Consent Judgment"). In addition, BYBN will distribute and honor coupons and post notice of the Claims Process as outlined in paragraphs b and c below, and BYBN will comply with all requirements of FACTA going forward. Class Counsel will seek an award from this common fund judgment of up to 40% of the amount of the Consent Judgment, or $1,116,960 and BYBN will not contest such request.

BYBN fully and unconditionally quitclaim assigns to Plaintiff any claim it may have against Data Cash Register ("DCR") based on or arising out of Plaintiff's and the Class members' claims against BYBN, including but not limited to any claims it may have for contribution, indemnity, fraud, negligence, breach of contract, any statutory claims under federal, state or local law, and any other claims related in any way to BYBN's violations of FACTA as alleged by Plaintiff in this matter (the "DCR Claims"). Plaintiff has acknowledged that the DCR Claims are being assigned as is/where

is without any representations or warranties express or implied being made by BYBN about the DCR Claims.

In consideration for this assignment, Plaintiff will never attempt to enforce the Consent Judgment against any officer, director, shareholder etc. of BYBN, collect from any of its officers, directors, shareholders etc., garnish any bank accounts of any officer, director shareholder etc. of BYBN or execute on any property of any officer, director shareholder etc. of BYBN.  As a precondition to any efforts to collect any monies from BYBN, Plaintiff will first exhaust any and all reasonable efforts to collect the Consent Judgment against DCR; and once all reasonable collection efforts against DCR have been exhausted, Plaintiff must, within thirty (30) days from the date of final exhaustion of remedies against DCR, time being of the essence, notify BYBN through counsel of its intention to pursue collection against BYBN and request a statement, to be issued within twenty (20) days, from BYBN's accountants certifying BYBN's book value net worth and liquid cash on hand.  Plaintiff is forever barred from pursuing collection against BYBN unless Plaintiff's accountant certifies that BYBN has a book value net worth exceeding $1,000,000 and liquidated cash on hand exceeding $250,000 or if Plaintiff fails to notify BYBN through counsel of its intention to pursue collection against BYBN within thirty (30) days from the date of final

exhaustion of remedies against DCR.  In the event that Plaintiff becomes forever barred from pursuing collection against BYBN as a result of any of the foregoing reasons, Plaintiff shall file a satisfaction of judgment for the Consent Judgment within twenty (20) days of becoming forever barred from pursuing collection against BYBN.

Until it is released from this obligation by Plaintiff, BYBN will preserve any information in its possession that may relate to any claim against DCR described in section (ii) above, or that may otherwise assist Plaintiff or Class Counsel in collecting the Consent Judgment against DCR.  BYBN will cooperate with Plaintiff and Class Counsel in pursuing collection of the Consent Judgment against DCR by providing testimony, documents and other information that may be relevant to any claims against DCR upon request by Plaintiff or Class Counsel.

For a period of 60 days beginning no later than 21 days after entry of the Consent Judgment described in section (i) above, BYBN shall make available in its restaurant coupons for a free soft drink with the purchase of an entrée to anyone who submits a valid claim as defined in paragraph 6(b) below.  These coupons shall only be redeemable on a subsequent visit to the restaurant, shall be transferable, stackable with any other discounts or coupons, and shall be valid for 6 months from the beginning of the distribution

7

period.  Class members may also obtain a coupon via the third-party administrator through the website referenced in section 6 below.

(b)     **Publication Notice and Website Notice.** Publication Notice of the Settlement Agreement will be provided substantially in the form attached as Exhibit "A" attached hereto.  For a period of 60 days, which will coincide with the coupon distribution period, BYBN shall cause notice of the Consent Judgment to be posted in its restaurant and published once a week during the first two weeks of the 60-day period in *The Lincoln Journal Star.*

For the same 60-day period referenced in the preceding paragraph, claim forms shall be available at the restaurant and through a website referenced in the posted notice and publication notice (the "Website Notice").  Claim forms shall require the class member to attest that he or she did in fact engage in the number of transactions for which he or she is making a claim at BYBN's restaurant during the Relevant Period.  Claim forms must be completed and returned via e-mail or regular mail to a third-party administrator.

(c)     **Website Notice**.  Within fourteen (14) days following entry of this Order, but no later than the earlier of the date the Publication Notice is first published, the Administrator shall create, maintain and establish a dedicated and operational website where potential class members can obtain a more detailed settlement notice (the "Website Notice"), attached

hereto as Exhibit "B", and also submit a claim form, as further discussed below. The website's address shall be referenced in the Publication Notice. The website shall include information about the Action and the Settlement, including a copy of the Complaint in the Action; a copy of the Settlement Agreement; a downloadable claim form; and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until 30 days following entry of the Final Order in this Action.

(d)   Seven (7) days prior to the Final Approval Hearing, the Defendant will file with the Court and serve upon Class Counsel proof, by affidavit or declaration, of such Publication Notice and Website Notice.

(e)   Defendant designates Analytics to assist in the Notice and Settlement claims administration process (the "Administrator").

12.   The Court approves the form of Notice. The Court finds that the procedures established for Notice and the posting and publication of such Notice as set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

13.   The Settlement Administrator shall be responsible for the receipt of all written communications from the Class and shall preserve same, and all other written communications from members of the Class, or any other person in response to the Notices.

## OPT-OUT/EXCLUSION FROM THE SETTLEMENT

10.  **Opt-Out/Exclusion**. Any Class Member, except Plaintiff, may seek to be excluded from this Settlement Agreement and from the Settlement Class as detailed in the Class Notice and within the time and in the manner provided by the Court.  To be timely, a request for exclusion must be appropriately postmarked and mailed within 90 days after entry of the Preliminary Approval Order and pursuant to its terms.  A copy of the opt-out must be mailed to Class Counsel, Joshua C. Dickinson, Spencer Fane Britt & Browne LLP, 12925 West Dodge Road Omaha, NE 68154, <u>and</u> to Defendant's Counsel, J. Daniel Weidner, Koley Jessen P.C., L.L.O., 1125 S. 103rd Street, Suite 800, Omaha, NE 68124.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor be entitled to any of its benefits.

## OBJECTIONS BY CLASS MEMBERS

11.  **Objection**.   Any Class Member, except Plaintiff, may object to the terms of this Settlement Agreement in writing, as detailed in the Class Notice and within the time and in the manner provided by Court order.  Written notice of objection, together with a statement of reasons for the objection, must be postmarked and mailed to the Clerk of Court within 90 days after entry of the Preliminary Approval Order and pursuant to its terms.  An objector's attorney shall file an appearance with the Clerk of the Court, with copies to counsel.  Any Class Member who exercises his or her right to object to this Settlement Agreement will be responsible for his or her own attorney's fees and costs.  A copy of the objection must also be served upon Class Counsel, Joshua C. Dickinson, Spencer Fane Britt & Browne LLP, 12925 West Dodge Road, Omaha, NE 68154 <u>and</u> to

Defendant's Counsel, J. Daniel Weidner, Koley Jessen P.C., L.L.O., 1125 S. 103rd Street, Suite 800, Omaha, NE 68124.  To preserve timeliness, the objection must be postmarked and mailed to counsel for Plaintiff and Defendant within 90 days after entry of the Preliminary Approval Order.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted or else they are waived.  All objectors shall identify all other cases in which they filed an objection, as to the caption of the case, case number, and the venue where the case was filed.

Any Class Member who does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the plan for distribution of economic relief and equitable relief pursuant to the Settlement Agreement or the request for attorneys' fees, reimbursement of expenses and Class Representative incentive fees.

**CLAIMS (CLAIMS PROCESS)**

12. The Claims Period shall begin on November 1, 2014.  Class Members may submit claims during the Claims Period for determination whether their claims constitute Valid Claims.  To constitute a "Valid Claim," a claim must meet the following conditions:

> For a claim to be valid, the claim form must be accompanied by either (a) a copy of a printed credit or debit card receipt from BYBN's restaurant during the class period for each transaction for which the class member is making a claim, or (b) a copy of the class member's bank statement or credit card statement(s) indicating that the class member engaged in the

11

number of transactions for which he or she is making a claim at BYBN's restaurant during the Relevant Period.

Completed claim forms and supporting materials must be e-mailed or postmarked no later than 90 days after the claim forms first become available (30 days after the conclusion of the 60-day period referenced above).

13. Within forty-five (45) days after the Effective Date, the Administrator shall provide Class Counsel and Settling Defendant's counsel a report indicating, among other things, the number of claims submitted, the number and total dollar value of vouchers sent to Class Members, the number of claims submitted that were rejected and the reason(s) for each such rejection. Upon receipt of the report, Class Counsel may request further information and/or documentation from the Administrator concerning any rejected claims and may challenge the basis for rejection with the Administrator within thirty (30) days.

14. Any Class Member who does not submit a Valid Claim and has not requested exclusion shall not be entitled to a coupon for a free soft drink with the purchase of an entrée or the potential for a future cash payment. These coupons shall only be redeemable on a subsequent visit to the restaurant, shall be transferable, stackable with any other discounts or coupons, and shall be valid for 6 months from the beginning of the distribution period. Class members may also obtain a coupon via the third-party administrator through the website established by Defendant.

## PRESERVATION OF PRE-SETTLEMENT RIGHTS

15. If the Settlement and the Settlement Agreement, as a whole, are not approved by the Court or do not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its

terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if the Settlement Agreement had never been made.  Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have.

### ADDITIONAL OBLIGATIONS OF THE PARTIES

16. The Administrator shall be responsible for administering the initial receipt of responses to the Notice, responding to inquiries from Class Members, and preserving all correspondence in response to the Notice.

17. The Settling Defendant shall cause to be filed with the Court affidavit(s) or declaration(s) of the person or persons under whose general direction Notice shall have been provided, showing that such Notice has been provided in accordance with this Order by December 30, 2014.

18. Class Counsel shall submit to the Court any papers in support of its application for attorneys' fees, reimbursement of expenses and class representative inventive fee by February 10, 2014.

19. Class Counsel and counsel for Settling Defendant, if they choose, shall file with the Court and serve on opposing counsel any papers in reply to any objection received, no later than three (3) days prior to the Final Approval Hearing.

## POWERS AND JURISDICTION OF THE COURT

20. The Court expressly reserves its right to adjourn the Final Approval Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto that are acceptable to the Parties, without any further notice to Class Members.

21. The Court will have continuing jurisdiction over the Action for the purpose of implementing the Settlement, all related matters, and issuance of a Final Order.

22. The Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

Dated this 23rd day of September, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge