IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRADY KEITH, Individually and on behalf of a class;<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BACK YARD BURGERS OF NEBRASKA, INC., DOES 1-10, BACKYARD BURGERS, INC.,<br><br>　　　　　Defendants. | 8:11CV135<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL |

This matter is before the Court on the Plaintiff's Unopposed Motion for Final Approval (the "Motion") (Filing No. 123) of the settlement ("Settlement") with Back Yard Burgers of Nebraska, Inc. (the "Defendant"). Having considered all of the submissions and arguments with respect to the Motion, the Court finds that:

　　1.　　This Action was previously certified by the Court for purposes of settlement only as a class action against the Defendant on behalf of all persons in the United States who used a Visa or MasterCard, or Discover debit or credit card or American Express credit card at Defendant's currently owned retail location where the person was provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card during the period beginning November 3, 2010, through April 15, 2011.

　　2.　　Excluded from the Class are individuals who submitted timely requests for exclusion from the Class.  The evidence presented by the parties shows that no requests for opt outs were received.

3. Notice to the Class has been provided in accordance with the Court's Preliminary Approval Order as evidenced by the Affidavits of Reetz (Filing No. 120) and Simmons (Filing No. 121) and the Affidavit of Publication from the Clerk of the Lincoln Journal Star (Filing No. 119) filed with the Court. Such notice by posting and publication has been given in an adequate and sufficient manner; constituted the best notice practicable under the circumstances; and satisfied all requirements of Rule 23(e) and due process.

4. The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

5. The Action presents issues as to liability and damages as to which there are substantial grounds for differences of opinion.

6. The Court finds that the settlement as set forth in the Settlement Agreement is fair, reasonable and adequate in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal.

7. The payment of coupons and/or cash as provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties, as those terms are defined below.  The Court finds that the consideration to be paid to Class Members, consisting of coupons and/or cash payments, is reasonable considering the facts and circumstances of the transactions at issue, the type of claim and affirmative defenses asserted in the Action

and other FACTA litigation over several years, and the potential risks and likelihood of success of alternatively pursuing trial on the merits.

8. No person has sought to exclude himself or herself from the Settlement.

9. No person has filed written objections with the Court, nor has either party or the Court received any informal oral or written objections.

10. The Parties and each Class Member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding, or relating in any way to any dispute arising out of, the Settlement Agreement.

11. It is the best interests of the Parties and the Class Members and consistent with principles of judicial economy that any dispute between any Class Member (including any dispute as to whether any person is a Class Member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

Accordingly,

IT IS ORDERED:

1. The Plaintiff's Unopposed Motion for Final Approval of the settlement (Filing No. 123) is granted.

2. The Settlement Agreement (Filing No. 114-2) submitted by the Parties is finally approved as fair, reasonable and adequate and in the best interests of the Class and the Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and each person within the definition of the Class are hereby bound by the terms and conditions of the Settlement Agreement.

3.     The Action is hereby dismissed, with prejudice and without costs. This Judgment has been entered without any admission by the Defendant as to the merits of any of the allegations in the Class Action Complaint; however, Defendant is hereby ordered to comply with the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), at all its currently owned locations.

4.     For purposes of this Final Judgment and Order of Dismissal:

(a)     "Released Claims" includes any claims, rights, demands, obligations, actions, causes of action, suits, cross-claims, matters, issues, liens, contracts, liabilities, agreements, costs, expenses of any nature by the Settling Plaintiff and Class Members against the Released Parties arising out of, or in connection with, or in any way related to claims they may have under FACTA.

(b)     "Released Parties" means, collectively, Back Yard Burgers of Nebraska, Inc. and (a) any and all of its respective past, present and future parent companies, subsidiaries, divisions, affiliates, franchisees, predecessors, successors, and assigns; (b) the respective present and former general partners, limited partners, principals, members, shareholders, directors, and their attorneys, officers, employees, stockholders, owners, agents, subrogees, independent contractors, insurers, reinsurers, attorneys, agents, the representatives, heirs, executors, personal representatives, administrators, trustees, transferees and assigns of any of them; and (c) all persons or entities acting on behalf or at the direction of any of the foregoing. *Released Parties does not include Data Cash Register ("DCR") or any related entities, which served as a vendor of Back Yard Burgers of Nebraska, Inc.*

5. The Released Claims are hereby finally compromised, settled, released, discharged and dismissed with prejudice against the Released Parties by virtue of the proceedings herein and this Final Judgment and Order of Dismissal.

6. The Action is dismissed with prejudice and without costs.

7. Class Members and their successors and assigns are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

8. The Court awards judgment in the total amount of $2,792,400. The Judgment is subject to the terms and conditions of the parties' Settlement Agreement. The Court further orders that Plaintiff's counsel be awarded attorneys' fees and costs in an amount not to exceed $1,116,960. The Court further awards an incentive fee in the amount of $3,000 to Brady Keith. All payments to be made herein shall derive from funds secured by Plaintiff's counsel by way of prosecution of the DCR Claims or against BYB as defined and outlined in Section 2.2(B) of the Settlement Agreement.

9. The Court orders that any funds recovered be applied as set forth in the parties' Settlement Agreement.

9. Any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the

parties hereto and all persons within the definition of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

10.   The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

Dated this 20th day of February, 2015

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge